IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>PHILIP KAY LYMAN AND<br>MONTE JEROME WELLS,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EXTENSION OF TIME; DENYING MOTION FOR JUDGMENT OF ACQUITTAL**<br><br>Case No. 2:14-cr-00470-DN<br><br>District Judge David Nuffer |

Defendant Philip Kay Lyman has filed a Motion[1] for an Extension of the Time Period for Filing Motion for Judgment of Acquittal ("Motion for Extension of Time") pursuant to Rule 45(b)(1)(B) of the Federal Rules of Criminal Procedure. Mr. Lyman also filed a motion[2] for judgment of acquittal ("Motion for Judgment of Acquittal"). After carefully reviewing the parties' filings and relevant legal authorities, the Motion for Extension of Time is GRANTED and the Motion for Judgment of Acquittal is DENIED for the reasons set forth below.

**A. MR. LYMAN'S DELAY JUSTIFIES A FINDING OF EXCUSABLE NEGLECT**

Rule 29 of the Federal Rules of Criminal Procedure requires a motion for judgment of acquittal be filed within 14 days after the verdict.[3] Under Rule 45(b), an extension of time may be granted for a motion for judgment of acquittal if the defendant failed to file the motion within the time period because of excusable neglect.[4] The excusable neglect determination is equitable in nature, requiring consideration of the following facts: (1) "the danger of prejudice to [opposing parties;]" (2) "the length

---

[1] Docket no. 219, filed October 9, 2015.

[2] Motion to Dismiss Superseding Misdemeanor Information or, in the Alternative, Motion for Judgment of Acquittal ("Motion for Judgment of Acquittal"), docket no. 220, filed October 9, 2015.

[3] Fed. R. Crim. P. 29(c).

[4] Fed. R. Crim. P. 45(b)(1)(B).

of the delay and its potential impact on judicial proceedings[;]" (3) "the reason for the delay, including whether it was within the reasonable control of the movant[;]" and (4) "whether the movant acted in good faith."[5] "[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[6]

    A guilty verdict was rendered on May 1, 2015.[7] The 14 day period for filing a motion for acquittal started to run that day. Mr. Lyman contends that the reason for his delay in filing his Motion for Judgment of Acquittal "was largely attributable to circumstances beyond Mr. Lyman's control: namely, the Government's failure to disclose evidence showing an R.S. 2477 right-of-way to Mr. Lyman prior to Mr. Lyman's trial."[8] According to Mr. Lyman, because he did not know about the R.S. 2477 right-of-way evidence until after trial, "his counsel did not fully consider the pertinent case law or the implications of an R.S. 2477 right-of-way until after the initial deadline for filing a motion for a judgment of acquittal had passed."[9]

    Mr. Lyman became aware of the evidence allegedly showing an R.S. 2477 right-of-way "approximately the end of June of 2015."[10] Yet, he did not file his Motion for Judgment of Acquittal until October 9, 2015. Mr. Lyman states that he changed attorneys sometime after his trial, and his current counsel entered their appearances on August 25, 2015.[11] Apparently, his current counsel "spent the months following his trial making a good faith effort to fully consider the implications of the newly discovered evidence showing an R.S. 2477 right-of-way and protect their client's rights accordingly."[12]

---

[5] *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993)

[6] *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir.2004) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994)).

[7] Verdict, docket no. 149, filed May 1, 2015.

[8] Motion for Extension of Time at 5.

[9] *Id.*

[10] *Id.* at 2.

[11] *Id.*

[12] *Id.* at 5–6.

Mr. Lyman's delay in filing his motion for acquittal is not entirely justified. However, because the Government will not be prejudiced by the delay, the potential impact on current judicial proceedings is minimal and there is no indication that defense counsel acted in bad faith. Mr. Lyman's Motion for Extension of Time is GRANTED.

### B.  MR. LYMAN'S MOTION FOR JUDGMENT OF ACQUITTAL IS DENIED

Mr. Lyman filed his Motion for Judgment of Acquittal the same day he filed his Motion for Extension of Time. There is no need for the Government to respond to the merits of Mr. Lyman's Motion for Judgment of Acquittal, because the motion raises the same arguments already considered and rejected by this Court in Mr. Lyman's Motion for New Trial.[13] Mr. Lyman's Motion for Judgment of Acquittal is therefore denied for the reasons stated in the Memorandum Decision and Order Denying Motion for a New Trial.[14]

### ORDER

Accordingly, it is hereby ORDERD that Mr. Lyman's Motion[15] for Extension of Time is GRANTED, and his Motion[16] for Judgment of Acquittal is DENIED.

Dated October 22, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[13] *See* Motion for New Trial, docket no. 183, filed August 25, 2015.

[14] Memorandum Decision and Order Denying Motion for a New Trial, docket no. 228, filed October 22, 2015.

[15] Docket no. 219.

[16] Docket no. 220.