IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP KAY LYMAN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER:**<br>- **DENYING [279] MOTION TO AMEND THE MANNER AND SCHEDULE OF PAYMENT OF RESTITUTION; AND**<br>- **ORDERING THAT DEFENDANT PROVIDE INFORMATION TO FACILITATE FUTURE REVIEW OF THE RESTITUTION PAYMENT SCHEDULE**<br><br>Case No. 2:14-CR-00470 DN<br><br>District Judge David Nuffer |

The Government moved under 18 U.S.C. § 3664(k) to amend Defendant Philip Kay Lyman's ("Mr. Lyman") restitution payment schedule (the "Motion").[1] Specifically, the Government requested that Mr. Lyman's monthly restitution installment payments be increased from the currently ordered $100.00 per month to $500.00 per month. The Government asserts that Mr. Lyman's election to the Utah State Legislature in November 2018 represents a material change in Mr. Lyman's economic circumstances that would permit the requested modification as set forth in § 3664(k). Mr. Lyman responded[2] to the Motion and the Government replied[3] in support. For the following reasons, the Motion is DENIED.

---

[1] Motion to Amend the Manner and Schedule of Payment of Restitution, docket no. 279, filed March 13, 2019.

[2] Motion to Deny (sic) the Request to Amend the Manner and Schedule of Payment of Restitution ("Opposition"), docket no. 280, filed March 22, 2019.

[3] Reply Memorandum in Support of Motion to Amend the Manner and Schedule of Payment of Restitution ("Reply"), docket no. 281, filed April 4, 2019.

A jury found Mr. Lyman guilty of violating 18 U.S.C. § 371, Conspiracy to Operate Off-Road Vehicles on Public Land Closed to Off-Road Vehicles, and 43 U.S.C. § 1702.[4] Mr. Lyman was sentenced to ten days in the custody of the Bureau of Prisons and a three year term of probation.[5] Mr. Lyman was also ordered to pay $95,955.91 in restitution.[6] Mr. Lyman's monthly payments toward that restitution were set at $100.00 per month.[7] These payments were preliminarily set at that amount before substantial information was available about Mr. Lyman's ability to pay. It is not unusual for restitution payments to be adjusted after a sentence is served.

In November 2018, Mr. Lyman was elected to the Utah House of Representatives.[8] Having consulted a 2018 Report of the Utah Legislative Compensation Commission, the Government contends that Mr. Lyman's economic circumstances have improved as he receives an additional $1,023.75 per month as a legislator.[9] Because of this additional income, the Government argues that it is appropriate under § 3664(k) to increase Mr. Lyman's ordered restitution payments to $500 per month.[10]

In bringing the Motion, the Government assumed that Mr. Lyman retained his position as San Juan County Commissioner after he was elected to the state legislature and that his legislative compensation is in addition to Mr. Lyman's compensation as the county commissioner.[11] But this is not the case. As Mr. Lyman states in his opposition, he stepped down

---

[4] Verdict, docket no. 149, field May 1, 2015.

[5] Judgment in a Criminal Case at 3–5, docket no. 251, filed December 29, 2015.

[6] *Id.* at 5–7.

[7] *Id.* at 7.

[8] Motion at 3.

[9] *Id.*

[10] *Id.* at 5.

[11] *Id*. at 6–7.

from his position as San Juan County Commissioner when he was elected to the state legislature and his annual income has decreased by $25,000.[12] The Government does not dispute Mr. Lyman's decrease in annual income and acknowledges that it overlooked the fact that Mr. Lyman gave up position as San Juan County Commissioner after his election to the Utah House of Representatives.[13] Nevertheless, the Government argues that a "material change in circumstances" has occurred and that Mr. Lyman can afford to pay a modified restitution payment of $500 per month.[14]

The decision whether to adjust a defendant's schedule of restitution payments as the Government asks is discretionary: § 3664(k) provides that a court, after receiving notification of a material change in a defendant's economic circumstances, "*may* . . . adjust the payment schedule . . . as the interests of justice require."[15] Certainly, Mr. Lyman's economic circumstances have changed—materially—due to the undisputed $25,000 decrease in his annual income. But the legislative history of § 3664 suggests that an ordered *increase* to Mr. Lyman's restitution payments given these circumstances is not currently appropriate. When introducing the language and provisions of § 3664(k), the United States Senate Committee on the Judiciary explained:

> The committee intends that this provision improve the implementation of restitution orders. *Should the defendant's economic circumstances change to allow greater restitution payments, these payments should be required.* Similarly, *if the defendant's economic circumstances change so that the defendant's ability to pay is impaired, the court may adjust the payments accordingly without discharging the defendant's obligation to pay full restitution.* In making such adjustments, however, the court should consider the willfulness, if any, of the

---

[12] Opposition at 1.

[13] Reply at 2.

[14] *Id.* at 2.

[15] 18 U.S.C. § 3664(k) (emphasis added).

defendant in avoiding the payment of restitution through changed circumstances.[16]

Based on this language, it appears that the Senate Judiciary Committee did not intend for § 3664(k) to enable *increased* restitution payments when a criminal defendant has experienced a *negative* material change in economic circumstances. Instead, modifications to restitution payments under that subsection are to mirror the defendant's economic circumstances: when a defendant's economic circumstances have improved, increased payments are required. When a defendant's economic circumstances have worsened, the restitution payment can be decreased—provided that the restitution obligation is not entirely discharged or that the defendant did not intentionally bring about the material change to avoid having to pay restitution.

Here, it is undisputed that Mr. Lyman's economic circumstances have worsened. And although it does not appear that it was Mr. Lyman's intent to avoid paying restitution by being elected to the Utah House of Representative and diminishing his annual income, Mr. Lyman has not moved—nor does he argue—that his ordered restitution payments should be decreased due to any inability to make the required $100 monthly payments. Instead, Mr. Lyman's opposition focuses more on grievances against the federal government and the news media in a futile attempt to have his restitution overturned in its entirety.[17] That request will not be entertained. But the Government's motion will be denied. Having considered the Senate Judiciary Committee's explanation of § 3664(k), it is not appropriate under the present circumstances to order an increase to Mr. Lyman's restitution payments.

However, § 3664(k) specifies that when a defendant is ordered to pay restitution, that order "shall provide that *the defendant shall notify the court and the Attorney General of any*

---

[16] S. REP. NO. 104-179, at 21 (1995), *as reprinted in* 1996 U.S.C.C.A.N. 924, 934.

[17] Opposition at 9.

*material change in the defendant's economic circumstances* that might affect the defendant's ability to pay restitution."[18] The Judgment entered against Mr. Lyman in this case contains this provision.[19] And "[u]pon receipt of the notification, the court may, on its own motion . . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require."[20]

Here, Mr. Lyman provided notice of his diminished annual income only *after* the Government provided notification of a potential material change in Mr. Lyman's economic circumstances. Mr. Lyman is reminded that he is obligated under the terms of the Judgment entered against him to provide notification of *any* material change in his economic circumstances. In order to facilitate any future adjustment—positive or negative—to Mr. Lyman's restitution payment schedule, Mr. Lyman is to provide his 2017-2019 tax returns to the Court and the U.S. Attorney's Office by May 1, 2020 for confidential in camera review.

**ORDER**

IT IS HEREBY ORDERED that the Government's Motion[21] is DENIED. IT IS FURTHER ORDERED that, in keeping with the notification and adjustment requirements of 18 USC § 3664(k), Mr. Lyman is to provide his returns from tax years 2017, 2018, and 2019 to the Court and the U.S. Attorney's Office. These returns are to be filed with the Court UNDER SEAL no later than May 1, 2020. No later than May 15, 2020, the parties may submit memoranda as to any appropriate adjustment in payment of restitution.

---

[18] 18 U.S.C. § 3664(k).

[19] Judgment in a Criminal Case at 1, docket no. 251, filed December 29, 2015.

[20] 18 U.S.C. § 3664(k).

[21] Motion to Amend the Manner and Schedule of Payment of Restitution, docket no. 279, filed March 13, 2019.

The submissions will be reviewed, and a determination will be made whether Mr. Lyman's restitution payment schedule should be adjusted or if it should remain as currently ordered.

Signed October 21, 2019.

BY THE COURT

David Nuffer
United States District Judge