JOHN W. HUBER, United States Attorney (#7226)
ALLISON J.P. MOON, Assistant United States Attorney (#15204)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
allison.moon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PHILLIP KAY LYMAN,<br><br>　　　　　Defendant. | Case No. 2:14-CR-00470 DN<br><br>MOTION FOR ORDER TO SHOW CAUSE<br><br>Honorable David Nuffer |

　　　　Plaintiff United States of America moves this Court for an order requiring Defendant Phillip Kay Lyman to appear and show cause why he should not be held in civil contempt for failing to obey the Court's order of October 21, 2019, which ordered him to produce his tax returns for the years 2017, 2018, and 2019, to the Court and to the U.S. Attorney's Office no later than May 1, 2020.[1]

---

[1] Docket No. 286, Order.

STATEMENT OF FACTS

1. Mr. Lyman was found guilty by a jury of violating 18 U.S.C. § 371, Conspiracy to Operate Off-Road Vehicles on Public Land Closed to Off-Road Vehicles, and 43 U.S.C. § 1702.[2]

2. On December 18, 2015, the Court sentenced Mr. Lyman to ten days in the custody of the Bureau of Prisons followed by three years' probation. The Court also ordered Mr. Lyman to pay restitution of $95,955.61 to the Bureau of Land Management.

3. Mr. Lyman's co-defendant, Monte Jerome Wells, was also found guilty at trial of violating 18 U.S.C. § 371 and 43 U.S.C. § 1702.[3] The Court sentenced Mr. Lyman and Mr. Wells simultaneously, and ordered Mr. Wells to spend five days in the custody of Bureau of Prisons followed by three years' probation. The Court also ordered Mr. Wells to pay restitution of $48,000.00 to BLM jointly and severally with Mr. Lyman.

4. At sentencing, the Court initially ordered Mr. Lyman to pay restitution at the rate of $500 per month. However, after some discussion of *Mr. Wells's* inability to afford restitution payments of $500 per month, the Court ordered both Mr. Lyman and Mr. Wells to pay restitution at the minimum rate of $100 per month.[4]

5. Mr. Lyman has consistently paid $100.00 per month as required by the Court's order.

---

[2] Docket No. 149, Verdict.

[3] *Id.*

[4] Docket No. 269, Sentencing Transcript, p. 93, ll. 6-10.

6. In 2017, the United States Attorney's Office Financial Litigation Unit (FLU) asked Mr. Lyman to agree to pay more than $100.00 per month towards restitution, but he refused. FLU also sought updated financial information to determine whether Mr. Lyman's economic circumstances had changed, but was unable to establish that his circumstances had improved based upon the information provided.

7. In November 2018, Mr. Lyman's economic circumstances changed when he was elected to the Utah House of Representatives. Based upon this information, and Mr. Lyman's new income source as a Utah State Representative, the United States filed a motion pursuant to 18 U.S.C. § 3664(k) to increase Mr. Lyman's monthly restitution payments from $100 per month to $500 per month as initially contemplated by the Court at his sentencing hearing.[5]

8. Mr. Lyman opposed the United States' motion arguing that his circumstances had actually worsened because he gave up a more lucrative position as San Juan County Commissioner to become a State Representative. He did not provide any additional information regarding his economic circumstances, however, stating, "Knowing that this information I am providing can and will be used against me, I will not provide any more information about my financial situation in this brief."[6]

9. The United States conceded that it had overlooked the fact that Mr. Lyman had given up a source of income as County Commissioner, but argued that "*any* material change in the defendant's economic circumstances allows the Court to adjust the defendant's payment

---

[5] Docket No. 279, Motion to Amend Payment Schedule.

[6] Docket No. 280, Response, p. 7.

schedule to serve the interests of justice."[7] The United State also argued that Mr. Lyman failed to meet his burden under 18 U.S.C. § 3664(e)[8] of demonstrating that he had insufficient financial resources to pay $500 per month towards restitution, because he did not provide any information regarding his economic circumstances beyond his argument that he no longer received a salary as County Commissioner.[9]

10. On October 21, 2019, the Court denied the United States' motion to increase Mr. Lyman's restitution payments, finding "it appears that the Senate Judiciary Committee did not intend for § 3664(k) to enable *increased* restitution payments when a criminal defendant has experienced a *negative* material change in economic circumstances."[10] However, the Court also ordered Mr. Lyman, "in keeping with the notification and adjustment requirements of 18 USC § 3664(k) . . . to provide his returns from tax years 2017, 2018, and 2019 to the Court and the U.S. Attorney's Office . . . no later than May 1, 2020."[11]

11. Local media outlets, including the St George News,[12] the Salt Lake Tribune,[13]

---

[7] Docket No. 281, Reply, p. 2.

[8] "The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant." 18 U.S.C. § 3664(e).

[9] Docket No. 281, p. 5.

[10] Docket No. 286, Order, p. 4.

[11] *Id.* at p. 5.

[12] https://www.stgeorgeutah.com/news/archive/2019/10/22/apc-judge-blocks-bid-to-increase-restitution-payments-for-utah-legislators-part-in-2014-atv-protest#.Xy3F-cZYaUk ("However, Nuffer ordered Lyman to provide his 2017, 2018 and 2019 tax returns to the court and the U.S. Attorney's Office no later than May.")

[13] https://www.sltrib.com/news/2019/10/22/judge-decides-utah-rep/ ("Nuffer ordered Lyman to

KSL,[14] and Deseret News,[15] thoroughly covered and reported on the Court's order that Mr. Lyman produce his tax returns by May 1, 2020.

12.     May 1, 2020 passed, and Mr. Lyman failed to provide any of his tax returns to the Court, or to the U.S. Attorney's Office, as ordered.

13.     On July 7, 2020, the United States sent an email to Mr. Lyman at phil@lymancpa.com[16] reminding him of the Court's order requiring him to provide his tax returns by May 1, 2020. In its email, the United States acknowledged that the IRS extended the filing and payment deadline for calendar year 2019 from April 15, 2020 to July 15, 2020, due to the COVID-19 pandemic, and requested that Mr. Lyman provide his returns to the Court and to the U.S. Attorney's Office no later than August 1, 2020. The United States attached a copy of the Court's order to the email.[17]

---

provide his tax returns for 2017 through 2019, for the court to review, with a deadline of May 1, 2020.")

[14] https://www.ksl.com/article/46659626/judge-denies-feds-attempt-to-up-utah-lawmakers-restitution-payments ("Though U.S. District Judge David Nuffer concluded Lyman's financial circumstances have worsened rather than improved, he ordered him to turn over his 2017, 2018 and 2019 tax returns to the court and the U.S. Attorney's Office.")

[15] https://www.deseret.com/utah/2019/10/21/20925811/judge-denies-feds-attempt-to-up-utah-lawmakers-restitution-payments ("Though U.S. District Judge David Nuffer concluded Lyman's financial circumstances have worsened rather than improved, he ordered him to turn over his 2017, 2018 and 2019 tax returns to the court and the U.S. Attorney's Office.")

[16] The United States has previously received emails from Mr. Lyman from this email address on 11/28/2017 and 4/16/2018, and it did not receive any error messages upon sending the 7/7/2020 email. Therefore, the United States believes this is a valid email address for Mr. Lyman.

[17] Exhibit A – 7/7/2020 Email to Mr. Lyman.

14. The United States did not receive Mr. Lyman's tax returns by August 1, 2020, as requested.

15. On August 10, 2020, the United States sent a letter to Mr. Lyman with a draft of this Motion for Order to Show Cause enclosed.[18] The letter advised Mr. Lyman that:

> To avoid having to face this proposed filing and potential contempt proceedings, you must produce complete copies of your 2017, 2018, and 2019 tax returns both to this office and to the Court in a manner that they are **received** no later than **Friday, August 21, 2020**.[19]

The letter was sent to Mr. Lyman by regular first class mail at his last known address, and as an email attachment to phil@lymancpa.com.

16. As of the time of this filing, Mr. Lyman has not replied to any of the foregoing correspondence, nor has he provided his 2017, 2018, or 2019 tax returns to the Court[20] or to the U.S. Attorney's Office.

## AUTHORITY AND ARGUMENT

The Court should compel Mr. Lyman to appear and show cause why he should not be held in civil contempt until he produces his 2017, 2018, and 2019 tax returns as ordered. "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor

---

[18] This motion is a slightly revised version of the draft that the United States sent to Mr. Lyman on August 10, 2020.

[19] Exhibit B – 8/10/2020 Letter to Mr. Lyman

[20] On 8/7/2020, and again on 8/24/2020, the United States confirmed with the U.S. District Court that Mr. Lyman has not filed his tax returns under seal (or otherwise) as ordered.

proof beyond a reasonable doubt is required." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). "To prevail in a civil contempt proceeding, the plaintiff has the burden of proving, by clear and convincing evidence . . . that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). Prior to holding a person in civil contempt, the alleged contemnor "must be given reasonable notice and an opportunity to be heard." *Fed. Trade Comm'n v. Kuykendall*, 371 F.3d 745, 754 (10th Cir. 2004) (stating that the Tenth Circuit applies "the longstanding rule that in civil contempt proceedings all that is required to satisfy the Due Process Clause is that defendants be given reasonable notice and an opportunity to be heard."). "The contemnor's disobedience need not be 'willful' to constitute civil contempt. . . . Indeed, a district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered." *Bad Ass Coffee Co. of Hawaii v. Bad Ass Coffee Ltd. P'ship*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000) (citing *Goluba v. School District of Ripon*, 45 F.3d 1035, 1037 (7th Cir.1995)). A district court's civil contempt authority includes the power to impose a daily fine or incarceration upon a contemnor until he complies with this Court's lawful orders. *See United States v. Rue*, 819 F.2d 1488, 1495 (8th Cir. 1987) (affirming district court's imposition of daily fine of $100, conditioned on respondent's continued noncompliance with order enforcing IRS Summons).

    Here, the Court issued a valid order on October 21, 2019, requiring Mr. Lyman to produce his 2017, 2018, and 2019 tax returns by May 1, 2020. Mr. Lyman has knowledge of the Court's order through extensive local media coverage, and through the United States' email to

Mr. Lyman of July 7, 2020, to which the order was attached, and its correspondence of August 10, 2020, with a draft of this motion enclosed. Mr. Lyman has not yet obeyed the order by producing his 2017, 2018, and 2019 tax returns to the Court and to the U.S. Attorney's Office. Therefore, the United States respectfully requests that the Court order Mr. Lyman to appear and show cause for his failure to produce his tax returns. If Mr. Lyman fails to produce his tax returns before the show cause hearing, and if he fails to show adequate cause at the hearing for his failure to comply with the Court's order, then the United States requests that this Court hold Mr. Lyman in civil contempt, through an appropriate coercive sanction, until Mr. Lyman produces his 2017, 2018, and 2019 tax returns.

## CONCLUSION

The United States respectfully requests that this Court issue an order compelling Mr. Lyman to appear and show cause why he should not be held in contempt for failing to comply with the Court's order of October 21, 2019. If Mr. Lyman fails to appear, or is unable to provide an adequate excuse for his failure to comply, this Court should impose an appropriate coercive sanction until he complies. Finally, it is the United States' position that Mr. Lyman can purge his violation of the Court's order of last October at any time before, during, or after the show cause hearing by producing his 2017, 2018, and 2019 tax returns.

DATED this 25th day of August, 2020.

JOHN W. HUBER
United States Attorney

*/s/ Allison J.P. Moon*
ALLISON J.P. MOON
Assistant United States Attorney

CERTIFICATE OF SERVICE

      I hereby certify that I am an Assistant United States Attorney for the District of Utah and that copies of the United States' MOTION FOR ORDER TO SHOW CAUSE and the exhibit thereto were served upon the parties by placing a copy of same in the United States mail, postage prepaid, this 25th day of August, 2020, addressed as follows:

      Mr. Phillip Lyman
      1401 North Blue Mountain Road
      Blanding, UT 84511

      */s/ Jeff Nelson*
      Jeff Nelson, AUSA